*E-FILED: August 5, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SERGIO RODRIGUEZ,

    Plaintiff,

v.

STATE OF CALIFORNIA ET AL.
    Defendants.

No. C13-02213 HRL

**ORDER DENYING IFP APPLICATION WITH LEAVE TO REFILE, DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, VACATING CASE MANAGEMENT CONFERENCE, AND CONTINUING HEARING DATES ON MOTIONS TO DISMISS**

    Plaintiff Sergio Rodriguez ("Rodriguez") applies to proceed *in forma pauperis* ("IFP"). A district court "may authorize a person who is unable to pay the costs of suit to proceed *in forma pauperis*." *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984); *see also* 28 U.S.C. § 1915(a). The plaintiff must, however, submit an affidavit including a "statement of all assets" and an explanation that the person is unable to pay fees related to the suit. 28 U.S.C. § 1915(a); *Darden v. Peralta Cmty. Coll. Dist.* 49 F. App'x 705 (9th Cir. 2002) (requiring plaintiff's to "state the facts as to his poverty with some particularity, definiteness and certainty").

    Here, Rodriguez completes the Northern District of California form application for assessment of his assets, but his responses to some questions are too vague, or they contradict statements made in his complaint. First, Rodriguez indicates in response to question one that his date of last employment and the amount of gross and net salary is "unknown." The complaint refers to a job at Fluffy's Cupcakes around in November 2011, another job at Southern California Fish Company in Pajaro California, another job at Riolo Construction in Roseville California, and work as a field laborer around April, 2012. Plaintiff should amplify his response to question number one

to indicate the date of last employment and amount of gross and net salary to whichever of these jobs he held last.

Second, in response to question two, plaintiff indicates that he has received money from Federal or State welfare payments, Social Security, or another government source. When asked to "describe each source of money and state the amount received from each," he states "$257." Plaintiff should specify the source of the $257 and indicate how often he received or receives this amount.

Third, though his complaint refers to his wife, plaintiff's IFP states that he is not married. Rodriguez should clarify his response to question number three, and if the answer contradicts statements made in his complaint, he should provide an explanation.

Fourth, in response to question ten, Rodriguez states that his complaint *does not* raise claims that have been presented in other lawsuits. The complaint, however, discusses a number of different state and federal cases that seem to have arisen from some of the same facts that give rise to the current complaint. Rodriguez should list the case names and numbers of any prior lawsuits, and the names of the courts in which they were filed, or explain how the cases mentioned in the complaint do not raise claims that are presented in the current complaint.

Because the IFP Application submitted by Rodriguez does not satisfy the court that permission to proceed IFP is warranted, the IFP Application is denied. However, the Court grants plaintiff leave to file a new IFP application that addresses the issues discussed above. Rodriguez shall submit a new IFP application, or pay the filing fees associated with this case, within 14 days of this order. Otherwise, the court may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2).

On the same day that Rodriguez filed his complaint, he filed a one-page submission styled as a motion for summary judgment. Because not all defendants in this action have been served with a copy of the complaint, let alone the motion for summary judgment, the motion is terminated as premature and as violating Civ. L.R. 7-10. Because the opposing parties were not notified of the motion, it is considered an *ex parte* communication.[1]   If not ordered by the assigned judge, *ex parte* motions are prohibited unless "a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable

---

[1] *See* Civil Local Rule 1-5(d) ("*Ex parte* means contact with the Court without the advance knowledge or contemporaneous participation of all other parties.").

2

provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule, or order which permits the use of an *ex parte* motion to obtain the relief sought." Civ. L. R. 7-10. Plaintiff's motion does not identify any authorization for his *ex parte* communication. Accordingly, the motion is terminated. Plaintiff is not precluded from filing another properly noticed, procedurally proper, motion for summary judgment.

Finally, three of the six defendants have apparently learned of this lawsuit and have appeared. These defendants have filed motions to dismiss and set the motions for hearing on August 20, August 27, and September 10, 2013. In light of these motions, the Case Management Conference currently set for August 20, 2013 is vacated. It will be reset as necessary after resolution of the pending motions to dismiss. In light of the fact that multiple parties have filed motions to dismiss and not all defendants have been served, the hearings noticed for August 20 and August 27 are continued to September 10, 2013 at 10:00 a.m. before Magistrate Judge Howard R. Lloyd in Courtroom 2, United States District Court, 280 South First Street, San Jose, California. This hearing date is subject to further continuance depending on the timing of the other defendants' appearances.

**IT IS SO ORDERED.**

Dated: August 5, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 13-02213 Order will be electronically mailed to:**

Mark Peter O'Dea  shreve@longyearlaw.com

Vincent P. Hurley  vphurley@hurleylaw.com, epeabody@hurleylaw.com, mbrenkwitz@hurleylaw.com

William Merrill Litt  littwm@co.monterey.ca.us, moores@co.monterey.ca.us, zinmank@co.monterey.ca.us

**C 13-02213 Order will be mailed to:**

Sergio Rodriguez
91 Beverly Drive
Salinas, CA 93905

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**